IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-09,425-23





EX PARTE DONNY JOEL HARVEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14,130-H IN THE 23RD DISTRICT COURT


FROM BRAZORIA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to four years' imprisonment, consecutive to another sentence.

 Applicant contends, inter alia, that he was improperly denied the assistance of counsel in a
2006 conditional release revocation hearing. He also contends that he was prevented by his parole
officer and the hearing officer from contacting and presenting witnesses and obtaining and presenting
documentary evidence in defense and mitigation.

 This cause was previously remanded to the trial court, which entered findings that no
cumulation order was entered in this cause, such that this sentence expired more than twenty years
ago. However, a review of our records in Applicant's application number WR-09,425-19 discloses
that a valid cumulation order was entered in the sentence for this cause, which at the time was a
separate document from the judgment which is included in the current habeas record. Therefore, this
cause must be remanded again. The trial court shall obtain from the Office of the General Counsel,
Texas Department of Criminal Justice, copies of the notice of conditional release revocation, the
revocation hearing report, and any other documentation of the revocation proceedings that would be
helpful to resolving Applicant's contentions.

 The trial court shall make findings of fact as to whether Applicant was properly denied the
assistance of counsel and whether Applicant was prevented from presenting witnesses and
documentary evidence in defense and mitigation which might have persuaded or precluded the Board
of Pardons and Paroles from revoking his parole. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A transcript containing copies of the
documents relevant to the decision to revoke Applicant's conditional release and all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: November 19, 2008

Do not publish